FRUGÉ, Judge
(concurring in part, dissenting in part).
From the evidence presented at trial, there is some conflict as to the necessity of moving the Creosote Plant a distance of 135 feet. The plaintiffs and defendants produced evidence in the form of testimony from witnesses classified as expert.
Curley Courville, manager of defendant’s plant, and Charles J. Kerns, an expert management consultant, both testified that there was a great necessity for moving the Creosote Plant. In fact, Mr. Kerns stated that he believed the plant would actually go bankrupt unless it was moved back that distance. His testimony was supported by that of Ray Teddlie, who is a sales manager for the creosoting plant in Colfax, Louisiana.
Mr. Lloyd Rockhold, a civil engineer and construction consultant, and Mr. Francis M. Seale, president of the creosoting plant in Hammond, both testified that there was no necessity for the moving of the plant in Mamou. They stated in essence that operations could continue as before, with perhaps a little more difficulty, after the expropriation by the State.
It is obvious that the trial judge chose to give more value to the testimony of those witnesses presented by the defendant, Red- *729 dell Creosote Company, Inc. This is a factual question as to damages, and the discretion of the trial judge should not be questioned unless it is found that he has clearly abused his authority. Louisiana Civil Code, Article 1934(3).
The judgment at trial awarding $69,-864.02 should therefore be affirmed in whole.